By the Court.
 

 The finding of the Court of Appeals was no doubt motivated by oral testimony given by one Bachelder, the president of the appellee, and by an official of The Guardian Trust Company, as to the manner in which the deposits should be used by the bank. This testimony will be referred to later. The legal question is presented in the following manner: It appears that on June 29,1931, a written agreement was entered into between the trust company and appellee pertaining to trade acceptances and to the manner of their payment. Among the other clauses found in the agreement, relied on by counsel for the appellant, was the following: “The first party [appellee] agrees to deposit with the second party [The Guardian Trust Company] at its Main Office in Cleveland, Ohio, funds for the payment of said acceptances at least two days in advance of their respective maturities.” The written agreement, in which this clause is found, expired under its own terms on May 15,1932. Since the agreement itself contained no provision pre
 
 *144
 
 venting the trust company from depositing funds in its commercial department, counsel for the appellant contend that the above quoted clause, which relates to deposits made by the appellee, is wholly insufficient to establish a special deposit or trust on behalf of the appellee. The quoted clause does not specify the terms of the deposit or whether it be special or general. An oral arrangement was thereafter entered into between the parties to the agreement, to the effect that the deposits should be segregated and applied to the payment of trade acceptances. This would not contravene the rule that written contracts cannot be varied by parol testimony, since the quoted clause in the written agreement, although it provided for a deposit of funds in the bank, did not stipulate the character of such deposits; it avoided reference to any provision determining whether the deposits should be general and subject to check or whether they were to be special deposits to be held in trust for a particular purpose.
 

 Bachelder testified that the oral arrangement between him and a Mr. Bruggemeier representing the appellant was, “that whenever canned
 
 goods
 
 were sold and a release was made by the Sears-Nichols to release those goods, they should substitute for them either accounts receivable of the purchaser of the goods or cash ^equivalent to the loan value of the goods; that when that cash was sent to the Guardian, it should be held as a separate fund for the purpose of applying this payment upon the next acceptance that became due; that it would not be mingled with the funds of the bank, would not draw interest; but should be kept intact and replace the canned goods themselves as a special account for the sole purpose of payment on the next acceptance as due.” Much more testimony to the same effect was given by the same witness upon this feature of the case.
 

 Whether claims of preference have been established
 
 *145
 
 largely depends upon the peculiar facts controlling individual cases; and in the instant case we are not inclined to disturb the judgments of the two lower courts, both of which found, under the evidence adduced, that the appellee’s claim was preferred over those of general creditors.
 

 Section 710-92, General Code, provides that anyone who feels himself aggrieved by the rejection of his claim by the superintendent, “shall bring an action against the superintendent of banks and such bank,” etc. This action was brought against the superintendent alone; the bank was not joined in the action. Counsel for the appellant claim that the judgment of the Court of Appeals is erroneous because of the nonjoinder of the bank. The demurrer of the appellant in the Common Pleas Court was general. The appellant had a right, if the bank were a necessary party, to demur especially on the ground stated in the sixth paragraph of Section 11309, General Code, which provides, as one ground of demurrer, a challenge “that there is a defect of parties plaintiff or defendant.” This the superintendent did not do. He raised the question for the first time in this court. The Common Pleas Court had jurisdiction of the subject-matter and, by failing to demur on the ground of defect of parties defendant, the Superintendent of Banks must be held to have waived his right to claim defect of parties defendant, under the provisions of Section 11311, General Code.
 

 Section 710-92, General Code, expressly provides that a person aggrieved by the rejection of his claim “shall bring an action against the superintendent of banks and such bank,” etc. This provision was placed in chapter entitled “Superintendent of Banks” in the Spring of 1933. Inasmuch as the Legislature may have thought that the bank or its stockholders should have an equal right with the Superintendent of Banks
 
 *146
 
 to contest rejected claims, in order to escape additional liability imposed upon them, it may be that the Legislature amended the statute to conserve that purpose. If the point is hereafter properly and legally presented, we may be compelled to uphold this plain provision of the statute. However, we shall withhold a decision upon this question until such time when it is formally presented and has not been waived, as it has in the instant case.
 

 Other legal contentions are advanced by counsel for appellant, but, -in the main, they have been already covered by the prior decisions of this court; and we find no prejudicial error committed by the appellate court in respect thereto. However, in ordering that the preferred claim of the appellee should be paid at once, the appellate court erred for the reason that there may be other preferred claimants who might be prejudiced by an order to pay the appellant presently; and counsel for 'the appellant do not seriously contend for priority over other preferred claimants. Since the appellee does not claim interest on the amount of its allowed preference, the judgment of the Court of Appeals will be affirmed with a modification to the effect that its preferred claim allowed by the Court of Appeals.be not paid at once. The judgment of the appellate court will be affirmed as modified.
 

 Judgment modified and affirmed as modified.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.